## Penn Foods, Inc. Condemnation

*Martin Horowitz,* for condemnor.
*William L. Matz,* for condemnee.

McDEVITT, J., March 30, 1970.—Requests for findings of fact and conclusions of law have not been requested by the parties. However, this may not be necessary and certainly is not required by the court. The issues are quite clear.

The court, having in mind the requirements of the Eminent Domain Code of June 22, 1964, Sp. Sess., P. L. 84, as amended, secs. 1-602 and 603, finds that the fair market value of the real estate is $375,000 (Louis A. Harrison, appraiser for condemnee) plus $65,870, the appraised value of machinery, equipment and fixtures forming a part of the real estate (Samuel Solow, appraiser for condemnor), total, $440,870. A partial settlement and payment was made by the condemnor of $409,321 on December 30, 1968. Therefore, the net

amount due the condemnee is $31,549. In addition, the condemnor concedes that it owes the condemnee additional damages in the sum of $25,000 under section 1-608 of the Eminent Domain Code. Therefore, the total damages awarded are $56,549 with interest at six percent from September 28, 1969, the date of removal from premises 1321-45 East High Street, Philadelphia pursuant to section 1-611 Eminent Domain Code and costs of proceedings pursuant to section 1-519 of the code.

## DISCUSSION

Consideration has been given to condemnee's position that the assembled industrial plant doctrine should be applied. Testimony was offered to establish that this was an integrated plant with an assembly line type of production which was in full operation at the time of taking. Some difficulty and delay was encountered in locating a new plant site. The company had sales commitments which it had to meet in order to retain the customer or customers. Substantial expense was incurred in an attempt to reestablish a comparable type of production at the new site using equipment removed from the condemned site. The operation ran well below the prior efficiency rate. This required the abandonment of machinery and equipment moved from the earlier plant site and substitution of new machinery. Wherefore, the condemnee contends that it should receive the value of the machinery in place at the East High Street site even though from economic necessity it was required to move it and put it in operation at the new plant temporarily.

Condemnee relies strongly upon the assembled industrial plant doctrine as set forth in Gottus v. Allegheny County Redevelopment Authority, 425 Pa. 584 (1967). Also reviewed and considered by the court are Glider v. Commonwealth, Department of High-

ways, 435 Pa. 140 (1969), and Singer v. Oil City Redevelopment Authority, 437 Pa. 55 (1970).

The additional loss claimed may or may not be accepted as a fact by a trial judge sitting as judge without a jury. The validity of this claim has not been determined by this court. The court finds as a matter of law that the doctrine does not apply to the instant case.

In order to apply the assembled industrial plant doctrine, it is necessary that the equipment and machinery remain on the premises. The machinery and equipment cannot be considered as forming a part of the realty unless, in fact, it is on the premises at the time they are vacated.

The condemnee elected to remove a substantial portion of its machinery and industrial equipment to a new plant site. Although one may accept, for the purpose of discussion, that there was an economic pressure, if not necessity, the decision was, nevertheless, that of the company. Furthermore, a return of the machinery and equipment valued at $60,593 to the condemnor would no doubt involve a further depreciation in salvage or second-hand value.

This property owner has received full and just compensation for the taking of its property, including the fair market value of machinery, equipment and fixtures left on the premises.

## ORDER

The court finds for the condemnee, Penn Foods, Inc., 1321-45 East High Street, in the amount of $56,549, with interest from September 28, 1968, ▮ and costs of litigation.